UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-473 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| TRAVATA AND MONTAGE AT SUMMERLIN CENTRE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment. (ECF No. 36). Defendant Saticoy Bay, LLC ("Saticoy") filed a response (ECF No. 40), as did defendant Travata and Montage at Summerlin Centre Homeowners' Association (the "HOA") (ECF No. 41). BANA submitted a reply. (ECF No. 45).

Also before the court is the HOA's motion for summary judgment. (ECF No. 38). BANA filed a response (ECF No. 42), and the HOA filed a reply (ECF No. 47).

Also before the court is Saticoy's motion for summary judgment. (ECF No. 39). BANA filed a response (ECF No. 43), as did the HOA (ECF No. 44). Finally, Saticoy filed a reply. (ECF No. 46).

**I.     Introduction**

This litigation involves the March 28, 2014, nonjudicial foreclosure sale of the real property at 9157 Desirable Court, Las Vegas, Nevada 89149. (ECF No. 36).

On December 1, 2011, BANA acquired the senior deed of trust through an assignment of deed of trust, which BANA asserts was covered by Federal Housing Administration ("FHA") mortgage insurance. (ECF Nos. 36, 36-3).

**James C. Mahan**
**U.S. District Judge**

On July 19, 2013, the HOA "recorded a notice of delinquent assessment lien against the property," indicating an amount due of $1,680.22. (ECF Nos. 36 at 3); *see also* (ECF No. 36-2).

On September 23, 2013, the HOA's trustee, Nevada Association Services ("NAS"), recorded a notice of default and election to sell, identifying an outstanding liability of $2,506.10. (ECF No. 36-5).

On January 30, 2014, counsel wrote a letter on behalf of BANA to NAS, asking for a ledger describing the amount owed on the property. (ECF No. 36-7).

On February 4, 2014, the HOA recorded a notice of foreclosure sale, and this document identified a sum due of $3,603.22.[1] (ECF No. 36-6).

NAS responded to the January 30, 2014, letter, and BANA subsequently indicated on February 20, 2014, that it would pay $171.00—a lesser amount than the figure indicated in both the notice of default and notice of foreclosure sale—to satisfy the super-priority HOA lien on the property and prevent the foreclosure sale. (ECF No. 36-7).

On March 31, 2014, NAS recorded a foreclosure deed in favor of Saticoy. (ECF No. 36-8).

**II.  Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

---

[1] BANA's motion for summary judgment refers to "AMS" as the HOA trustee, but the offered documents show that NAS was the HOA trustee during the relevant span of time. *See, e.g.*, (ECF No. 36-6); *see also* (ECF No. 36).

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

This court's March 9, 2017, order granted a motion to dismiss as to plaintiff's claims of wrongful foreclosure and breach of NRS 116.1113. (ECF No. 54). Thus, the only claims remaining in this case are BANA's request for quiet title and claim for a preliminary injunction as well as Saticoy's claims for declaratory relief and quiet title. *See* (ECF Nos. 1, 9).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

  *a. Injunctive relief as a claim*

Despite plaintiff's formulation of this request as a claim, injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted). Therefore, this claim will be dismissed.

  *b. Quiet title*

BANA presents what has become a common fact pattern before this court: when a deed-of-trust holder attempts tender of a pecuniary amount less than the sum due, as indicated by recorded notices, and the tender is rejected prior to an HOA non-judicial foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale); (ECF No. 36).

Indeed, BANA asserts the same arguments in this case that this court has confronted in a variety of other instances, under near-identical facts: (1) that "BANA's [t]ender [d]ischarged the '[s]uper-[p]riority' [l]ien";[2] (2) BANA's due process rights are violated as applied because of the refusal of the inadequate tender; (3) that *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") fatally rendered various portions of Nevada Revised Statute ("NRS") chapter 116 unconstitutional; (4) actual notice is "irrelevant"; (5) BANA incorrectly presumes to have standing to assert a Supremacy Clause challenge based upon the case's potential impact on the Federal Housing Administration ("FHA") insurance program when the FHA is not a party to this case, and its purported interest is not clearly challenged; (6) BANA ignores the applicability of the

---

[2] Notably, a case to which BANA heavily cites has since been vacated and remanded on other grounds. *See Stone Hollow Ave. Trust v. Bank of Am., Nat'l Ass'n*, 391 P.3d 760 (Nev. 2016); *see also* (ECF No. 36).

**James C. Mahan**
**U.S. District Judge**

*Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982), test for commercial unreasonability; and (7) that *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively. (ECF No. 36 at 5–22); *see also, e.g.*, *Valley View Meadows*, 2017 WL 2870087, at *4–8.

There are no material factual differences between the instant case and, to pick just one case mentioned above, *Valley View Meadows*, wherein this court has confronted and adjudicated the arguments that BANA now asserts here. *See* 2017 WL 2870087, at *4–8; *see also Nationstar Mortg., LLC*, 2017 WL 843177, at *12 (generally discussing pre-foreclosure remedies in the HOA sale context); (ECF No. 36). Thus, this court will not rule in BANA's favor and will instead grant defendants' motions for summary judgment.

### IV. Conclusion

Therefore, for the same reasons offered in, *inter alia*, *Valley View Meadows* and *Ann Losee*, BANA is not entitled to a decree of quiet title on the property. Instead, title will be quieted in Saticoy's favor.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 38) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Saticoy's motion for summary judgment (ECF No. 39) be, and the same hereby is, GRANTED, with the caveat that this order does not determine the FHA's interest in the property.

IT IS FURTHER ORDERED that Saticoy shall prepare a judgment in accordance with this order within seven (7) days of the date of this order.

The clerk shall enter judgment and close the case accordingly.

DATED July 18, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**